**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

STOUT LAW GROUP, P.A.
400 E. Pratt Street
8th Floor
Baltimore, Maryland 21202

    Plaintiff
v.

VNUE, INC.                                       Case No.:
104 W. 29th Street 11th Floor
New York, NY 10001

Serve on Resident Agent:
NEVADA DISCOUNT REGISTERED AGENT, INC.
P.O. Box 100
Carson City, Nevada 89702

    Defendant

## **COMPLAINT**

Plaintiff, STOUT LAW GROUP, P.A., ("PLAINTIFF" or "STOUT"), by and though its counsel, Matheau J. W. Stout, Esq. files this Complaint against VNUE, INC. ("VNUE"), and alleges:

**Parties**

1. Plaintiff is a law firm, organized as a Maryland professional association, which is beneficially owned by the undersigned, Matheau J. W. Stout, Esq. ("Stout"), who is owed past due legal fees by the Defendant for corporate and securities legal work performed from June 1, 2015 to May 15, 2016.

2. Defendant, VNUE is a publicly traded corporation, domiciled in Nevada and headquartered in New York, which has conducted business in Maryland, and which

Case 1:18-cv-03614-JKB   Document 1   Filed 11/26/18   Page 2 of 11

can issue securities under Section 3(a)(10) of the Securities Act of 1933. (Defendant was previously known as Tierra Grande Resources, Inc. and its trading symbol was previously TGRI prior to a name and symbol change approved by FINRA in July of 2015).

**Jurisdiction and Venue**

3. This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of common stock by Defendant in exchange for Plaintiff's release of bona fide claims against Defendant.

4. This Court has jurisdiction over the parties hereto based on the Federal Statute.

5. Venue is proper in the Northern District.

**Summary of Facts**

6. Plaintiff holds a bona fide outstanding claim against Defendant in the principal amount of One Hundred Thousand Eight Hundred Forty-Two Dollars and Seventy-Six Cents ($100,842.76) (the "Payable" or "Stout's Payable") for legal services rendered under an agreed upon flat monthly fee from June 1, 2015 to May 15, 2016.

7. Plaintiff also holds a bona fide outstanding claim against Defendant in the principal amount of Sixty Thousand Dollars ($60,000.00) worth of VNUE common stock, which was to be issued to Stout, on a quarterly basis as follows: June 30, 2015, September 30, 2015, December 31, 2015 and March 31, 2016, but which was never issued to Stout (the "VNUE Quarterly Shares").

8. Together, the past due Payable and the unissued VNUE Quarterly Shares constitute a bona fide claim against Defendant totaling $160,842.76 (the "Claim Amount").

9. The supporting documents evidencing the arrangement between VNUE and Stout under which Stout performed legal work for VNUE under a flat monthly fee are voluminous, and consist of dozens of agreements and SEC filings reviewed or drafted by Stout, and hundreds of emails between Stout, VNUE's former CEO, Matthew Carona and former CFO, Collin Howard and many of VNUE's accountants, auditors, vendors, creditors, consultants, shareholders, employees and transfer agent from June 1, 2015 through May 15, 2016.

10. Attached hereto and incorporated herein as Exhibit A, are examples of emails and other documents between VNUE's CEO, VNUE's CFO and Stout which together document the start of Stout's role as counsel for VNUE on June 1, 2015 and the agreed upon flat monthly fee which was promised to Stout for his service as counsel.

    a. Among other things, Exhibit A demonstrates VNUE's promise to pay Stout "Annual salary of $140,000" and "$60,000 in shares annually (distributed quarterly)" (in an email from VNUE's CFO Collin Howard to Stout dated June 11, 2015); and

    b. that such "Annual salary" was to be paid to Stout as a flat monthly legal fee of $11,666.67 in "2 Payments: 1st payment on the 15th of the month for $5,833.84 and 2nd Payment on the 30th for $5,833.84" (in an email from VNUE's CEO Matthew Carona to VNUE's CFO Collin Howard and to Stout dated June 19, 2015); and

   c. that Stout accepted VNUE's proposal to pay Stout a "base salary of $140,000 and $60,000 in shares, starting effective as of June 1, 2015." (in an email from Stout to VNUE's CEO and CEO dated June 18, 2015).

11. On May 17, 2016, without Stout's knowledge, VNUE issued a Press Release and 8-K announcing the appointment of a new CEO, Zach Bair and a new Director, Anthony Cardenas on May 12, 2016.

12. When Stout learned of this, he emailed former CEO, Matthew Carona and CFO Collin Howard on May 17, 2016 to request a copy of the shareholder vote, board resolutions or consent authorizing and formalizing these appointments. In response, Stout only received an email from Craig Ongley, Esq., on May 17, 2016, in which Mr. Ongley announced himself as VNUEs' new counsel.

13. A copy of the Press Release, 8-K, Stout's email to VNUE's former CEO and CFO on May 17, 2016 and Mr. Ongley's response on May 17, 2016, documenting the end of Stout's service as VNUE's legal counsel, are attached hereto and incorporated herein as Exhibit B.

14. On May 26, 2016, Collin Howard, CFO of VNUE, Inc. emailed Stout confirming the balance of Stout's Payable for legal services rendered as VNUE's counsel as $100,842.76. The May 26, 2016 email from VNUE's CFO to Stout is attached hereto as Exhibit C.

15. On December 8, 2016, Collin Howard, CFO of VNUE, emailed Zach Bair, CEO of VNUE, a draft Promissory Note dated May 26, 2016, which was proposed to be issued by VNUE to Stout in the principal amount of $100,842.76, with a term of One (1) Year, and which included as the last page a spreadsheet entitled *Legal Fees Owed by*

*VNUE, Inc. to Matheau J. W. Stout, Esq.* detailing payments owed to Stout and partial payments made by VNUE to Stout from June 1, 2015 through May 15, 2016 (the "May 26, 2016 Stout Note").

16. The May 26, 2016 Stout Note was approved by VNUE CFO, Collin Howard, and corresponded exactly to the amounts previously agreed upon by officers and directors of VNUE, but was never signed by VNUE CEO, Zach Bair, and is attached hereto and incorporated herein as Exhibit D.

17. As a counter-offer, and without ever disputing the work performed by Stout, or the amounts owed to Stout per the arrangement with VNUE from June 1, 2015 to May 15, 2016, CEO Zach Bair emailed CFO Collin Howard a new draft Convertible Promissory Note on December 9, 2016 in the principal amount of Thirty Thousand Dollars ($30,000.00) with an increased term of Two (2) Years, and substantially less favorable conversion metrics for Stout (the "VNUE Counteroffer Note").

18. The VNUE Counteroffer Note was not accepted by Stout, was never signed by VNUE, and is attached hereto and incorporated herein as Exhibit E.

19. Nowhere is the Plaintiff's Claim Amount visible within any of VNUE's SEC filings, nor is there any mention of past due legal fees remaining unpaid to Stout in a footnote in any SEC filing made by VNUE after December 9, 2016.

20. On November 6, 2018, Stout called VNUE's PCAOB auditor, Weinberg & Co. in an attempt to confirm the amount of Stout's Payable for past due legal fees, and the auditor, Robert, indicated that he did not see any reference to a payable for legal fees owed to Stout, and further stated that he would review the documentation submitted by VNUE, and call VNUE management to find out why.

21. Stout called Weinberg & Co. again on November 8, 2018 and left a detailed voice message for Robert, who returned Stout's call and stated that after speaking with VNUE management, Weinberg & Co. was unable to provide further details due to "confidentiality."

22. On November 8, 2018, Stout then sent an email to Zach Bair, CEO of VNUE, Craig Ongley, Esq., legal counsel for VNUE, and Weinberg & Co., in which Stout requested confirmation of the amount of Stout's Payable as recorded in VNUE's SEC filings. The November 8, 2018 email and the responses thereto by VNUE CEO Zach Bair are attached hereto and incorporated herein as Exhibit F.

23. VNUE filed its September 30, 2018 10-Q with the SEC on November 20, 2018, and Plaintiff justifiably believes that once again the $100,842.76 payable is again not included, which necessitates this present lawsuit.

24. On November 20, 2018 Stout emailed VNUE CEO Zach Bair, counsel Craig Ongley, Esq. and VNUE's auditor to again request confirmation of the amount of Stout's Payable and where the number is located in VNUE's SEC filings.

25. In response, CEO Zach Bair did not answer the question, but instead asked Stout to cease contacting VNUE's auditors and stated VNUE had obtained new counsel. The November 20, 2018 emails are attached hereto and incorporated herein as Exhibit G.

26. VNUE and its auditor, and its counsel had ample opportunity to answer Stout's question, and to simply point out where in the SEC filings Stout's Payable was shown, but they chose not to do so.

27. Upon information and belief, it is a routine matter for PCAOB auditors to confirm payables when requested by creditors of public companies like VNUE, and such

auditors often provide email confirmations within minutes, leading Stout to believe that something is amiss, and necessitating the present lawsuit.

28.    To date, no substantive answer has been received to Stout's email requesting confirmation of the payable owed to Stout.

29.    Based on this, Stout believes that Plaintiff's Claim Amount is not properly referenced within VNUE's public SEC filings and that the Claim Amount may have disappeared from VNUE's balance sheet, despite the inclusion of Stout's Payable by VNUE's previous auditor, despite there having been no notice to Stout, and despite no apparent legal justification for the disappearance of $160,842.76 in liabilities from VNUE's financial statements.

**Count I**

**Injunction Under Section 3(a)(10)**

30.    Plaintiff re-alleges all of the foregoing paragraphs as if fully set forth herein.

31.    Section 3(a)(10) provides, in its entirety, as follows:

Except with respect to a security exchanged in a case under title 11, any security which is issued in exchange for one or more bona fide outstanding securities, claims or property interests, or partly in such exchange and partly for cash, where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities in such exchange shall have the right to appear, by any court, or by any official or agency of the United States, or by any State or Territorial banking or insurance commission or other governmental authority expressly authorized by law to grant such approval;

32.    Plaintiff holds a bona fide outstanding claim against Defendant in the amount of $160,842.76 for Defendant's failure to pay for legal services provided by Stout from June 1, 2015 to May 15, 2016.

33. Plaintiff seeks a Court Order ("Injunction") approving an exchange of the Claim Amount for shares of Defendant's common stock.

34. Plaintiff requests this Honorable Court to hold a hearing upon the fairness of the terms and conditions of such exchange of Plaintiff's bona fide outstanding claim for shares of Defendant's common stock ("Fairness Hearing").

35. This Honorable Court has the ability to hold such a Fairness Hearing, and to determine the fairness of the terms and conditions of such an exchange of Plaintiff's Claim Amount for Defendant's common stock under Section 3(a)(10).

36. VNUE's history of falling behind in its SEC filings, and its volatile stock price, (which has languished well below a penny, even following a 1 for 10 reverse stock split implemented by CEO Zach Bair effective on August 7, 2017), makes it impossible for Plaintiff to deposit VNUE stock into a brokerage account without a federal court order recognizing an exemption from registration under Section 3(a)(10), and thus Plaintiff cannot recoup its losses without relief under Section 3(a)(10).

37. VNUE's public securities filings detail its present inability to repay Plaintiff using cash, and Plaintiff seeks a settlement pursuant to Section 3(a)(10) whereby VNUE would be bound by a federal Court Order which requires VNUE to reserve sufficient shares of its common stock in order to abide by the terms of the Injunction, and thereafter that VNUE would issue shares of its publicly traded common stock to Plaintiff when requested in tranches, as payment for the settlement of Plaintiff's Claim Amount under Section 3(a)(10).

38. The May 26, 2016 Stout Note contains conversion metrics which Stout and VNUE's former CFO, Collin Howard, previous agreed to under Section 2 of the Note, namely that

> The Holder of this Note is entitled, at its option, any time after the issuance of the Note, to convert all or any lesser portion of the Outstanding Principal Amount and accrued but unpaid Interest into Common Stock of the Issuer (the "Common Stock") at the lower of (a) $0.003 or (b) a 50% discount from the lowest bid price in the 30 days prior to the day that the Holder requests conversion, unless otherwise modified by mutual agreement between the Parties (the "Conversion Price")….

such that it is possible for this Honorable Court to issue a Court Order ("Injunction") approving the settlement of Plaintiff's Claim Amount using this same or similar language, which would require VNUE to irrevocably reserve a sufficient number of shares of VNUE's common stock at its Transfer Agent, such that the same or similar conversion metrics in the May 26, 2016 Stout Note would be honored by VNUE's present and future management at such times as Plaintiff requests the issuance of such shares of VNUE common stock in tranches.

39. VNUE's current stock price is well below a penny per share, making the conversion metrics shown in the May 26, 2016 Stout Note fair to Plaintiff and Defendant.

40. For the foregoing reasons, Plaintiff has suffered a considerable loss which can only be remedied under Section 3(a)(10), which necessitates this present action.

41. Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of claims for securities and those terms and conditions were already set forth in the May 26, 2016 Stout Note.

**Count II**

**Unjust Enrichment**

42. Plaintiff re-alleges all of the foregoing paragraphs as if fully set forth herein.

43. Plaintiff conferred a benefit upon the Defendant when Stout provided legal services as corporate and securities counsel for VNUE from June 1, 2015 through May 15, 2016 under an agreed upon flat monthly fee.

44. Defendant knew it was receiving a benefit when its CEO and CFO induced Stout to provide such legal services under an agreed upon flat monthly fee, and when VNUE missed those monthly payments and later when VNUE did not include Stout's Payable in its SEC filings, Defendant knew it continued to receive that benefit without compensation to Plaintiff.

45. Defendant kept the benefit of the legal services provided by Stout in a manner that compensation is due to Plaintiff under the terms and conditions agreed to by Stout and Defendant beginning on June 1, 2015.

46. Simply because the public company Defendant has new officers and directors, Defendant cannot justly be allowed to retain the benefit provided by Stout from June 1, 2015 to May 15, 2016 without paying Plaintiff compensation agreed to by VNUE's former officers and directors.

**Count III**

**Promissory Estoppel**

47. Plaintiff re-alleges all of the foregoing paragraphs as if fully set forth herein.

48. Stout provided legal services to Defendant from June 1, 2015 to May 15, 2016 based on Defendant's promise to pay Stout an agreed upon flat monthly fee.

49.     Defendant's promise to pay Stout an agreed upon flat monthly fee was both definite and substantial in nature.

50.     Stout's performance of such legal services as named legal counsel for VNUE from June 1, 2015 to May 15, 2016 show a justifiable reliance on the promise made by Defendant.

51.     Stout's justifiably relied upon Defendant's promise to pay Stout an agreed upon flat monthly fee by providing such legal services to Defendant.

52.     Stout continued to provide legal services to VNUE despite Defendant's failure to pay Stout on time due to Defendant's representations that Stout's Claim Amount was being accounted for properly in VNUE's SEC filings, and such reliance by Stout was detrimental to Plaintiff.

WHEREFORE, Plaintiff requests this Honorable Court to schedule a hearing to determine the fairness of a proposed settlement involving the exchange of the Claim Amount, to award damages and/or restitution to Plaintiff in the amount of $160,842.76, plus interest, attorney's fees and court costs, and for such other and further relief as is deemed appropriate.

Respectfully submitted,

*/s/ Matheau J. W. Stout*
Matheau J. W. Stout (28054)
400 E. Pratt Street, 8th Floor
Baltimore, Maryland 21202
(410) 429-7076 Tel
(888) 907-1740 Fax
*Attorney for Plaintiff*